**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DANIEL ORIAKHI,                 :
                                                   Civil Action No. 07-4296 (JBS)
        Petitioner,    :

        v.              :    **OPINION**

CHARLES SAMUELS,                :
Warden,
        Respondent.    :


**APPEARANCES**:

Petitioner pro se
Daniel Oriakhi
F.C.I., Fort Dix West
P.O. Box 7000
Fort Dix, NJ 08640-4200


**SIMANDLE**, District Judge

Petitioner Daniel Oriakhi, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis. The respondent is Warden Charles Samuels.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Based upon Petitioner's affidavit of indigency, this Court will grant Petitioner leave to proceed in forma pauperis.

## I. BACKGROUND

Petitioner asserts that he was convicted, in 1992, of conspiracy to distribute heroin and possession with intent to distribute heroin in the United States District Court for the District of Maryland, and he is presently serving the sentence of 300 months imprisonment. See United States v. Oriakhi, 92-cr-0283 (D. Md.). Thereafter, Petitioner filed in the trial court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the trial court dismissed. On appeal, the Court of Appeals for the Fourth Circuit vacated the order dismissing the motion and remanded for further proceedings. See U.S. v. Oriakhi, Action No. 06-6445 (4th Cir. 2007). Recently, the trial court ordered the government to answer the motion and, on August 23, 2007, entered an Order granting Petitioner 20 days to file a reply.

While Petitioner's § 2255 motion and appeal were pending, he was subject to a prison disciplinary proceeding which resulted, among other things, in his being placed in the Special Housing Unit. In addition, Petitioner asserts that prison authorities have used the disciplinary proceeding to "manipulate" a new custody classification system to change his custody classification and transfer him while his § 2255 proceeding is

pending.  As a result, he remains in the Special Housing Unit, without "meaningful" access to his legal records or the law library.  Petitioner has submitted to the trial court a motion for enlargement of time to reply in support of his pending § 2255 motion because of his limited access to legal materials.

Petitioner has filed this § 2241 petition, here in the district of confinement, asking this Court to enter an order prohibiting Petitioner's transfer and directing his release from SHU to allow him access to legal materials available in the general population.  The Court construes the Petition as alleging that the detention in SHU and the planned transfer are an unconstitutional denial of Petitioner's right of access to the courts.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

This Court lacks jurisdiction under 28 U.S.C. § 2241 over a petition, such as this, seeking to challenge detention within the SHU and a "garden variety" transfer among Bureau of Prisons correctional institutions.

To invoke habeas corpus review by a federal court, a federal prisoner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

4

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). A petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

In Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to decisions regarding his transfer to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a "garden variety" transfer to another prison:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate

5

>into society.  The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624.  CCCs thus satisfy different goals from other types of confinement.  We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities.  CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community.  Inmates may be eligible for weekend passes, overnight passes, or furloughs.  <u>See</u> <u>United States v. Hillstrom</u>, 988 F.2d 448 (3d Cir. 1993); <u>see also</u> <u>United States v. Latimer</u>, (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
>    Given these considerations, and the weight of authority from other circuits ..., we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

<u>Woodall</u>, 432 F.3d at 243-44 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges prison conditions, in the form of a challenge to his confinement in the Special Housing Unit, and challenges a garden variety transfer from one federal prison to another.  This Court finds that Petitioner's challenge is not properly brought pursuant to 28 U.S.C. § 2241.  See <u>Ganim v. Federal Bureau of Prisons</u>, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons); <u>Zapata v. United States</u>, 2007 WL 2416439 (D.N.J. Aug. 17, 2007).

Nor does Petitioner's claim that his conditions of confinement and planned transfer have been undertaken to impair his ability to litigate his § 2255 motion change this result on the jurisdictional question.  See, e.g., Hairston v. Nash, 165 Fed.Appx. 233, 234-35, 2006 WL 287733 (3d Cir. 2006) (claim that transfer impaired ability to litigate pending § 2255 motion is not properly brought in a § 2241 petition for habeas corpus); Levi v. Holt, 193 Fed.Appx. 172, 174-75, 2006 WL 2578375 (3d Cir. 2006) (no jurisdiction under § 2241 to redress retaliatory transfer to SHU or conditions in SHU).

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  This Court expresses no opinion on the merits of Petitioner's claim.  An appropriate order follows.

　　　　　　　　　　　　　　　　　　　 s/ Jerome B. Simandle
　　　　　　　　　　　　　　　　　　Jerome B. Simandle
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: **September 18, 2007**

7